*GARDERE & AL. vs. MURRAY.*

If a judge signs a judgment before the proper time, the party may still move for a new trial, in the same manner as if the judgment was unsigned.

If the party instead of doing this, appeals, he is precluded from urging that the judgment was not final.

APPEAL from the court of the sixth district.

MARTIN, J. delivered the opinion of the court. The plaintiffs charge, that the defendant being their attorney to prosecute a debtor of theirs, received from the latter notes, which he applied to his own use and surrendered the documents of their claims and has never accounted to them.

He pleaded commorancy, the general issue, and other pleas. There was judgment against him and he appealed.

His counsel here urges that the judge signed prematurely the judgment, and adjourned the court on the same day, whereby he was prevented from applying for and obtaining a new trial.

The record shews judgment was given on the 3d and signed on the 4th of January.

The adjournment of the court does not appear as it should, by the transcripts of the entry on the minutes, but the clerk has certified the fact in a memorandum which appears as a postcript.

If a judge signs a judgment before the proper time, his signature does not prevent

the party cast from applying for a new trial, in the same manner as if the judgment remained unsigned.

When a court is about to adjourn, a party who has an interest to procure a new trial, ought to make his motion before the adjournment. *2 Martin's digest.*

The defendant applied on the eighth of January and obtained an appeal; this certainly precludes him from urging that the judgment did not become final three days after it was rendered, because prematurely signed.

The defendant does not produce any evidence to support the plea of commorancy.

On the merits, the case turned on the mere question of fact, and we think it was correctly solved.

It is therefore ordered, adjudged and decreed, that the judgment be affirmed with costs.

*Oakley & Wilson* for the plaintiffs, *Scott & Boyc* for the defendant.